## CHARLES COWLEY *vs.* ELIZABETH DOBBINS.

Middlesex. Nov. 14, 1883. — Jan. 4, 1884.   C. ALLEN & HOLMES, JJ., absent.

In an action for deceit, the declaration alleged that the defendant "falsely and fraudulently represented to the plaintiff that she knew of her own knowledge that D. had left assets exceeding all his liabilities by more than" a certain sum. The presiding judge found that the defendant represented that the assets were the sum named in excess of the liabilities; that, in fact, the estate was insolvent; and that the defendant believed that the representation made was true, and did not ascertain the contrary until long after it was made. The plaintiff asked the judge to rule that, "if the court finds that the defendant represented to the plaintiff that the assets left by D. were" the sum named "in excess of all his debts and liabilities, but that, in fact, D. died insolvent," the defendant would be liable, if the plaintiff acted on such representations. *Held,* that the ruling asked for was properly refused.

W. ALLEN, J. This is an action for deceit. The allegation of the plaintiff's declaration material to the exceptions is, that the defendant "falsely and fraudulently represented to the plaintiff that she knew of her own knowledge that said William Dobbins had left assets exceeding all his liabilities by more than $40,000." The single exception of the plaintiff is to the refusal of the judge to rule that, " if the court finds that the defendant represented to the plaintiff that the assets left by William Dobbins were $40,000 in excess of all his debts and liabilities, but that, in fact, William Dobbins died insolvent," the defendant would be liable, if the plaintiff acted on such representations. The presiding judge very properly refused so to rule. There is in the ruling requested no suggestion that the defendant made the representation as of her own knowledge, nor that she did not believe, and have good reason to believe, that it was true. It entirely omits every element of fraud or deceit in the defendant, and would hold her liable for a mere representation, made in good faith, of what she believed, and had reason to believe, was true. The ruling asked was to the effect that the plaintiff was entitled to recover upon the facts as found by the judge; which, as regards the representations made by the defendant, were, that she represented that the assets were $40,000 in excess of the liabilities, and that, in fact, the estate was insolvent. But he did not find that the representation was

made as of the defendant's own knowledge, nor that she did not believe, and have reason to believe, that it was true. On the contrary, he found that the defendant believed that the representation made was true, and did not ascertain the contrary until long after it was made. There was clearly no error in refusing to rule that the defendant would be liable for such a representation.

The questions in regard to what inferences as to the knowledge, meaning, and purpose of the defendant in making the representation might be drawn from the evidence, which were elaborately argued by counsel, are not presented by these exceptions.                    *Exceptions overruled.*

*C. Cowley, pro se.*

*G. Stevens & S. Hoar,* for the defendant.